**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Elaine Myles, | No. CV-25-00810-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court now considers Plaintiff Jennifer Elaine Myles's appeal from the Social Security Administration's denial of Plaintiff's application for supplemental security income ("SSI"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 18–30). The Court **affirms** the ALJ's decision for the following reasons.

**I.     BACKGROUND**

On September 27, 2022, Plaintiff applied for SSI under Title XVI of the Social Security Act alleging a disability onset date of August 1, 2022. (AR. 18.) Plaintiff's claims were denied initially and on reconsideration. (AR 18.) After an administrative hearing, an ALJ issued an unfavorable decision on March 15, 2024, finding Plaintiff not disabled. (AR. 30.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 1–3.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.  LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

### III.  DISCUSSION

Plaintiff argues that the ALJ erred by rejecting Plaintiff's symptom testimony. (Doc. 10 at 12.)

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified). Second, if there is such objective evidence, and "no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation modified). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, The ALJ found that Plaintiff "has the following severe impairments: a depressive disorder, an anxiety disorder, obsessive compulsive disorder (OCD), and a trauma related disorder." (AR 21.) The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (AR 24.) However, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 24.)

>The ALJ summarized Platiniff's testimony as follows:
>She is 31 years old. She has a high school education. She is not attending school presently. She has never worked full time. She lives in a house with her parents. Her mother works (in between jobs) and her father is disabled

>(both physical and mental disability). She does not help care for him. The claimant testified that she does not do dishes, rarely goes to the grocery store, does not cook, and does not do laundry. She testified drawing as a hobby. She does not do volunteer work or odd jobs for money. She has no current source of income. She has a driver's license but does not drive (last drove maybe 10 years ago). She is 5 feet 4 inches tall and weighs 250 pounds. She is prevented from working due to severe anxiety and depression interfering with her ability to function. She receives mental health treatment with a therapist and psychiatrist. Things go wrong when she tries to work that she described as anxiety attacks, memory problems (does not remember what people are telling her to do), and brain fog. She last worked 7 years ago for a few weeks; she keep having panic attacks and ended up quitting. Her panic attacks last anywhere from 20 minutes to a couple of hours. She can have panic attacks everyday if she does not keep herself distracted. She takes depression and anxiety medication. She has OCD and does things in increments of three (e.g., touching a doorknob, counting steps). She has suicidal ideations every day. She does okay interacting one on one with people, but later added that it depends on the person.

(AR 23–24.)

Plaintiff first argues that "the ALJ failed to connect anything specific in the medical record to a specific inconsistency with any particular portion of Myles's work-preclusive symptom testimony." (Doc. 10 at 13.) Plaintiff then argues that "the ALJ ignored that the record contained findings showing Myles's depression, anxiety, OCD, and PTSD caused severe symptoms and were consistent with Myles's written statements and hearing symptom testimony." (*Id.* at 14.) Plaintiff also argues that Plaintiff's symptoms improving with medication "is an insufficient reason to reject Myles's symptom testimony as this record does not show that Myles's mental health symptoms overall were improved with treatments on a long-term basis such that her symptom testimony was invalid or that she could return to work." (*Id.* at 17.) Finally, Plaintiff argues that the ALJ's reliance on Plaintiff's daily activities was insufficient to reject her symptom testimony because "[t]hese activities, however, were not inconsistent with Myles's symptom testimony when none of these activities were performed outside of the house she shared with her parents, and all were performed on an occasional basis and/or with varying amounts of required attention." (*Id.*) Plaintiff's arguments are unconvincing.

To start, the record supports the ALJ's conclusion that Plaintiff improved with treatment. This is a recognized basis for discounting subjective symptom testimony. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.") The ALJ points to multiple instances in the record reflecting that Plaintiff reported that medication helped mitigate her symptoms. (AR 24, 400, 402, 722.)

The record also supports the ALJ's conclusion that Plaintiff's reported symptoms are not as severe as alleged. This is a recognized basis for discounting subjective symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958–60 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony). The ALJ points to multiple mental status exams containing generally normal findings and various instances of Plaintiff's self-reported improvements. (AR 24, 680–81, 724, 792, 879, 884, 1073.)

The record also supports the ALJ's conclusion that Plaintiff's daily activities contradict her symptom testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). Despite Plaintiff's testimony, the record reflects that Plaintiff cooks, takes care of pets, engages in a variety of hobbies, maintains a social life, and performs some household duties such as babysitting. (AR 25–26, 395–405, 641, 643, 670–71, 683, 794, 796, 806, 1065.)

Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's testimony that were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting his subjective symptom allegations. Though the evidence in this record may be fairly "susceptible to more than

one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). It is not the role of this Court to reweigh the evidence; it is only to consider whether substantial evidence supports the ALJ's decision. *Mata v. Kijakazi*, No. 22-35482, 2023 WL 3836421, at *1 (9th Cir. June 6, 2023). The ALJ's evaluations were proper, and her findings are supported by substantial evidence in this record.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the ALJ's March 15, 2024 decision.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 20th day of February, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge